# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PARAMORE,<br><br>    Petitioner,<br><br> v.<br><br>J. RUIZ,<br><br>    Respondent.<br>_____ / | 1:12-cv-00268 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 23, 2012. (Pet., ECF No. 1.) In the petition, Petitioner presents three claims. First, he asserts that he did not receive a hearing on his petition for writ of habeas corpus filed in the Kings County Superior Court. (Pet. at 4.) Second, he contends that he has faced retaliation from correctional officers for filing a citizen's complaint against a correctional officer. (Id.) Finally, Petitioner claims that he was thrown on his back by correctional officers during a search. (Id. at 5.)

**I. DISCUSSION**

 **A. Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.     Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner seek relief for the conduct of correctional officers and for asserted procedural deficiencies relating to his state habeas corpus petition. (Pet.)  Petitioner does not challenge his conviction or sentence. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal

1  of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
2  banc).

3  In an appropriate case a habeas petition may be construed as a Section 1983
4  complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418
5  (1971). Although the Court may construe a habeas petition as a civil rights action, it is not
6  required to do so. Since the time when the Wilwording case was decided there have been
7  significant changes in the law. For instance, the filing fee for a habeas petition is five
8  dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil
9  rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act
10 the prisoner is required to pay it, even if granted in forma pauperis status, by way of
11 deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A
12 prisoner who might be willing to file a habeas petition for which he or she would not have
13 to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee
14 would be deducted from income to his or her prisoner account. Also, a civil rights complaint
15 which is dismissed as malicious, frivolous, or for failure to state a claim would count as a
16 "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

17 In view of these potential pitfalls for Petitioner if the petition were construed as a civil
18 rights complaint, the case is DISMISSED without prejudice to Petitioner to present the
19 claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas
20 petition, which will be assigned a separate civil number. The Clerk of Court shall send
21 Petitioner a blank civil rights complaint form along with a copy of this Order.

22 **II.    CONCLUSION AND RECOMMENDATION**

23 Therefore it is RECOMMENDED that the petition for writ of habeas corpus be
24 DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42
25 U.S.C. § 1983. Further, the Court ORDERS the Clerk of Court to assign a District Court
26 Judge to the present matter.

27 These findings and recommendations are submitted to the United States District
28 Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B)

1  and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
2  District of California. Within thirty (30) days after being served with a copy, any party may
3  file written objections with the Court and serve a copy on all parties. Such a document
4  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
5  Replies to the objections shall be served and filed within fourteen (14) days (plus three
6  days if served by mail) after service of the objections. The Court will then review the
7  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised
8  that failure to file objections within the specified time may waive the right to appeal the
9  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

12 Dated:   March 20, 2012                   /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE